UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 05-287-GWU

DIANA TAYLOR, PLAINTIFF,

VS.     **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,     DEFENDANT.

### INTRODUCTION

Currently before the court is a motion by the plaintiff's counsel, J. Drew Anderson, for approval of an attorney fee representing 25 percent of past due benefits awarded his client as a result of his successful representation of her in an appeal of an administrative denial of Disability Insurance Benefits (DIB).[1] Mr. Anderson states that the Social Security Administration (SSA) has informed him that $5,289.00 was being withheld as his fee from Mrs. Taylor's past due benefits, pending an order from this court. After the Commissioner responded, noting, inter alia, that counsel had not provided a copy of any contingency fee agreement or itemization of hours spent representing his client, counsel has now filed a contingency fee agreement in which Mrs. Taylor agrees to the payment of a fee

---

[1] As the Commissioner notes in response, the petition is presumably brought under 42 U.S.C Section 406(b).

1

05-287  Taylor

"equal to the lesser of 25 percent of the past due benefits resulting from my claim [or] $5,300.00." No information is provided regarding counsel's normal hourly rate. Mr. Anderson asserts that he is "unable to state today the total number of hours spent" pursuing the claim, although he indicates that the claim took over three years, including activities at the administrative level.

42 U.S.C. Section 406(b) provides that a court may approve a fee not in excess of 25 percent of the past due benefits. "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

If a proper contingent fee agreement is present, a court may test it for reasonableness by examining several factors, including the possibility of substandard representation or attorney-induced delays, and determining whether the fee is large in comparison to the amount of time counsel spent on the case. Id. at 808. The Supreme Court cited with approval the Sixth Circuit case of Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989) (en banc) for the proposition that "a court may require, as part of its reasonableness inquiry, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" (emphasis added).

This district has chosen to require "an itemization of the services provided in both the administrative and the judicial proceedings." Local Rule 83.11(d)(1). Since

2

05-287  Taylor

Mr. Anderson has admitted he has no idea how many hours he spent on the plaintiff's case, it is impossible to review the contingency fee agreement for reasonableness on this basis.

However, given the successful representation in the present case, refusal to award any fee would be inequitable.

Some guidance can be gleaned from the Sixth Circuit's holding that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market."  Hayes v. Secretary of Health and Human Services, 923 F.2d 418, 422 (6th Cir. 1990).  The undersigned has previously held that $100.00 per hour is the prevailing rate for Social Security representation in the Southern Division at Pikeville.  A typical itemization of hours by attorneys in Social Security cases on this court's docket may range from 10 to as much as 40 hours or more, on complex cases.  This case does not appear to have been of unusual complexity, but it is unlikely that Mr. Anderson could have spent less than 10 hours in preparation, conservatively speaking.  Ten hours at $100.00 per hour equals $1,000.00, and using the multiplier of 2 given in Hayes, would result in a reasonable fee of at least $2,000.00.

Given the conservative assumptions in the above calculations, the court has no hesitation finding that $2,000.00 would unquestionably be a reasonable fee

3

05-287 Taylor

under the present circumstances. A larger amount could have been justified, but counsel's failure to keep time records makes a precise determination impossible. The court does not believe that counsel should be rewarded for his failure to follow the local rules.

A separate order will enter awarding plaintiff's counsel $2,000.00 ($100.00 x 10 hours).

This the 11th day of March, 2008.

Signed By:
*G. Wix Unthank*
United States Senior Judge